IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BOMAN & KEMP REBAR, INC., a Utah corporation, and BOMAN & KEMP MANUFACTURING, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>J.D. STEEL COMPANY, INC., an Arizona corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR USE OF DEPOSITIONS IN COURT PROCEEDINGS**<br><br>Case No. 2:05-CV-00199 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Boman & Kemp wants to use 35 deposition transcripts and hareingtranscripts from a 24 day arbitration proceeding involving the same facts as in this case.[1]  In that arbitration, Boman & Kemp defended claims that rebar installed by J.D. Steel, which acted as Boman & Kemp's subcontractor, was not in accordance with industry standards.[2]  This order permits the use of depositions and the hearing testimony on motions.

**Background**

Boman & Kemp Rebar, Inc., contracted to provide rebar for the Oqurriah Park Speed Skating Oval in connection with Salt Lake City's participation in the 2002 Winter Olympics. J. D. Steel Company, Inc., was Boman & Kemp's subcontractor for the rebar installation. Unfortunately, the initial installation was removed because of claims of defects and Boman &

---

[1] Plaintiffs' Motion for Use of Depositions in Court Proceedings, docket no. 22, filed July 27, 2006; Reply Memorandum in Support of Plaintiffs' Motion for Use of Depositions in Court Proceedings (Reply Memorandum) at 1, docket no. 26, filed August 21, 2006.
[2] Memorandum in Support of Plaintiffs' Motion for Use of Depositions in Court Proceedings (Supporting Memorandum) at 1, docket no. 23, filed July 27, 2006.

Kemp was sued by the party with whom Boman & Kemp had contracted.[3] An arbitration clause moved the dispute before the American Arbitration Association.[4] Though invited, J.D. Steel declined to participate.[5]

The arbitration ruling shows that the work performed by J.D. Steel was a principal issue.[6] Boman & Kemp says it defended primarily on the grounds that J.D. Steel's work was done in accordance with industry standards and that many claims asserted were outside the scope of J.D. Steel's work.[7] Boman & Kemp also says "J.D. Steel's representative and counsel were present during the depositions and testimony of several J.D. Steel's employees"[8] and that "J.D. Steel has had the deposition and hearing transcripts in its possession for several months."[9] J.D. Steel, however, says that it "requested to attend and monitor the arbitration proceeding, however the parties to that proceeding denied J.D. Steel's counsel admittance."[10]

Boman & Kemp wants the court to rule "that the depositions and hearing transcripts from the arbitration proceeding may be used as if originally taken in this action."[11] There are two aspects to the request. First, that "Boman & Kemp should be allowed to use the testimony in filing motions or defending against motions in this action;" and, second that Boman & Kemp

---

[3] *Commercial Refrigeration, Inc., v. Layton Construction Co., Inc., et al.*, Civil No. 2:01 CV 210 DB, District of Utah.
[4] The ruling in arbitration (Arbitration Ruling) is attached to the Supporting Memorandum as Exhibit A.
[5] Supporting Memorandum at 3, ¶ 9.
[6] Arbitration Ruling at 2-5.
[7] Supporting Memorandum at 4, ¶ 10.
[8] *Id.* ¶ 11.
[9] Reply Memorandum at 2.
[10] Defendant J.D. Steel Company, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Use of Depositions in Court Proceedings (Opposition Memorandum) at 3, docket no. 25, filed August 8, 2006
[11] Supporting Memorandum at 5.

should be allowed to use the depositions at trial so it does not have to "ensure that all 35 individuals are available during the trial."[12]

## Discussion

Rule 32(a)(4), Federal Rules of Civil Procedure, provides that all depositions lawfully taken and duly filed in a prior action involving the same subject matter, between the same parties or their representatives or successor in interest, may be used in a subsequent action as if originally taken in the later case. Boman & Kemp claims that it had an identity of interest with J.D. Steel in the prior case and arbitration.[13]

J.D. Steel claims that Rule 32(a)(4) does not end the inquiry and that Fed. R. Evid. 804(b)(1) bars use of the depositions and arbitration testimony in this case:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

The evidence rule is more restrictive than Rule 32(a)(4) by requiring the prior opportunity to cross examine to be held by *the same party* or its *predecessor in interest*. The restriction is deliberate. As submitted to Congress, Rule 804(d) "allowed prior testimony of an unavailable witness to be admissible if the party against whom it is offered or a person 'with motive and interest similar' to his had an opportunity to

---

[12] *Id.*
[13] Supporting Memorandum at 4.

examine the witness."[14]  Congress narrowed the rule so that prior testimony is allowed only when the party or the "party's predecessor in interest in a civil action or proceeding had an opportunity and similar motive to examine the witness."[15]  Because J.D. Steel was not a party to the prior case and arbitration, it claims the depositions are inadmissible hearsay.  Boman & Kemp is not a predecessor in interest to J.D. Steel; just a party with similar interests.  Further, J.D. Steel says there is no evidence the witnesses are unavailable as the rule of evidence requires.  Therefore, Bowman & Kemp may be unable to use the depositions in lieu of testimony at trial.  That decision remains for the district judge.

As to motions, however, there is no barrier to use of the depositions and hearing transcripts, just as any other sworn statement, in support of a motion.  Of course, the offered evidence may be contested by contrary sworn statements, but there is no reason to degrade statements given under oath in another proceeding.  And the same deposition and hearing transcripts are available to impeach a witness testifying at trial because they are not hearsay in that event.[16]

---

[14] 8A Charles Alan Wright, et al., *Federal Practice and Procedure* §2150 (quoting report of House Committee on the Judiciary).
[15] *Id.*
[16] Fed. R. Evid. 801(d).

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion for Use of Depositions in Court Proceedings[17] is GRANTED IN PART.

Dated this 12th day of September, 2006.

BY THE COURT

David Nuffer
United States Magistrate Judge

---

[17] Docket no. 22, filed July 27, 2006.